IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN VAN LIEU, *Plaintiff*, | |
| v. | CIVIL ACTION NO. 19-CV-0788 |
| SAPA EXTRUSIONS, *Defendant*. | |

## MEMORANDUM

JONES, II  J.                                             FEBRUARY 28, 2019

*Pro se* Plaintiff Mary Ann Van Lieu filed this civil action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112-12117, and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. §§ 951-963, against Sapa Extrusions. (ECF No. 2.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Appointment of Attorney (ECF No. 3). For the following reasons, the Court will grant Van Lieu leave to proceed *in forma pauperis*, dismiss her Complaint with leave to amend, and deny her Motion for Appointment of Attorney at this time.

### I.    FACTS

Van Lieu used this Court's form complaint for filing an employment discrimination suit to initiate this action. As noted above, she asserts that she is pursuing claims pursuant to the ADEA, the ADA, and the PHRA. (Compl. at 4.)[1] By checking the appropriate locations on the form, Van Lieu states that the Defendant discriminated against her by terminating her employment and failing to stop harassment. (*Id.* at 5-6.) She also states that a co-worker

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

"almost killed [her] on purpose." (*Id.* at 6.) She alleges that the Defendant discriminated against her based on her age and gender/sex. (*Id.*) Given that Van Lieu states that the Defendant discriminated against her based on her gender/sex, her Complaint could also be liberally construed to assert claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*

For the facts of her case, Van Lieu states that she began to work day shift at Sapa Extrusions on March 9, 2015. (Compl. at 6.) She was subsequently switched to night shift, where she began to be harassed by Peter McNulty, her group lead. (*Id.*) Van Lieu alleges that on May 15, 2015, a co-worker "purposely hit [her] with a[n] 1800 lb. . . . bar," pushed her to the floor, removed her hard hat, and continued to "lower the bar to hit [her] in the head until [she] screamed to stop." (*Id.*) She claims that she was terminated on July 16, 2015, when Human Resources "said [she] didn't stop work to find a supervisor to report the incident." (*Id.*) Van Lieu also alleges that she was told her performance "wasn't up to speed," which was "a lie." (*Id.*) Van Lieu indicates that she filed a discrimination charge with both the Pennsylvania Human Relations Commission and the EEOC. (*Id.* at 7.) She notes that she received a Right to Sue Letter from the EEOC in January of 2019. (*Id.*) As relief, Van Lieu asks that the Court grant her "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 8.) She also asks that the Defendant be directed "to pay for almost being killed, wrongful termination and harassment." (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Van Lieu leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Van Lieu is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). To state a claim for employment discrimination under the ADA, a plaintiff must allege that she is a "qualified individual with a disability" within the meaning of the ADA, and that she suffered an adverse employment decision as a result of the discrimination. *Tice v Ctr. Area Transp. Auth.*,

3

247 F.3d 506, 511-12 (3d Cir. 2001). To establish a *prima facie* case of age discrimination, a plaintiff must allege that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). A plaintiff must allege these same elements in order to set forth a plausible claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts"). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Van Lieu has not alleged any facts supporting her conclusory allegations that the Defendant discriminated against her. While Van Lieu has indicated that the Defendant discriminated against her based on her age and gender/sex, she has not explained how she was discriminated against because of those characteristics. Moreover, although Van Lieu indicates that she is raising claims under the ADA, she has provided no information regarding her disability and how the Defendant discriminated against her based on that disability. Because the Complaint does not contain anything more than conclusory allegations of discrimination, Van Lieu has failed to state claims pursuant to Title VII, the ADEA, the ADA, and the PHRA at this time. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

4

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Van Lieu leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Van Lieu's right to file an amended complaint in the event she can cure the defects noted above. Van Lieu's Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.